Frank J. Martinez, Esq.
THE MARTINEZ GROUP PLLC
55 Poplar Street, Suite 1-D
Brooklyn, New York 11201
718.797.2341 Telephone
FM@martinezgroup.com
Attorney Docket: 1079-144

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **FONT BROTHERS, INC.,** d/b/a **FONT BROTHERS**, a/k/a **FONTBROS,** <br> *Plaintiff*, <br><br> -against- <br><br> **OLE SMOKY DISTILLERY, LLC.** <br><br> *Defendant*. | ___-CV-_____ (  ) <br><br> **COMPLAINT** <br><br> (Jury Trial Demanded) |

Font Brothers, Inc. d/b/a Font Brothers a/k/a Font Bros ("Font Brothers" or "Plaintiff"), by and through its attorneys, The Martinez Group PLLC, for its Complaint against Defendant OLE SMOKY DISTILLERY, LLC. ("OLE SMOKY" or "Defendant"), hereby alleges as follows:

## NATURE OF THE ACTION

1. This is a civil action for copyright infringement in violation of the Copyright Act, 17 U.S.C. §101, *et seq*.

## PARTIES

2. Plaintiff is a corporation formed under the laws of the State of Minnesota with its principal place of business located at 3224 Anric Drive, Eau Claire, Wisconsin, 54701.

3. Plaintiff is a distributor of font software created by third parties.

4. Plaintiff is authorized to distribute and sell licenses to third parties by the designers and owners of the font software offered by Plaintiff, including YouWorkForThem, Inc., ("YWFT") the owner of the ULTRAMAGNETIC FONT SOFTWARE, which is the subject of this litigation.

5. Plaintiff conducts business throughout the world, the United States, the State of New York, and County of Kings via Plaintiff's commercial website at https://www.fontbros.com.

6. Defendant, OLE SMOKY DISTILLERY, LLC ("OLE SMOKY or "Defendant") is a limited liability formed under the laws of the State of Tennessee with its place of business at 236 E. Main Street, No. 136, Sevierville, Tennessee 37862.

7. Upon information and belief, Defendant is a distiller of alcoholic beverages, selling and distributing at least sixty five (65) different moonshine style whiskeys in glass jar containers, canned cocktails and bourbon beverage goods and other products by way of its own websites and by way wholesalers, distributors, and retail sellers of such goods throughout the United States.

8. Upon information and belief, Defendant maintains distillery plants in Gatlinburg, Tennessee; Pigeon Forge, Tennessee; Nashville, Tennessee; and Myrtle Beach, South Carolina.

9. Upon information and belief, Defendant conducts business worldwide, in the United States, by way of retail distributors in the State of New York, and the County of Kings by way of its website at www.olesmoky.com, among others.

**JURISDICTION AND VENUE**

10. This Court has jurisdiction over this action under 28 U.S.C. §§ 1331, 1332, and 1338(a).

11. This Court has personal jurisdiction over Defendant because, upon information and belief, Defendant, in person or through an agent, has:

   a. transacted business within New York State, or contracted anywhere to supply goods or services within New York State; or

   b. committed a tortious act within New York State, causing injury to Plaintiff within New York State, because Defendant (i) regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in New York State; or (ii) expected or should have reasonably expected its infringing acts to have consequences in New York State, and (iii) derives substantial revenue from interstate or international commerce, including commerce within this district.

12. Venue is proper in this district under 28 U.S.C. §§1391 and 1400(a).

## FACTS COMMON TO ALL CLAIMS

13. Plaintiff is engaged in the business of licensing to third parties, works of typographic art and electronic type face font software.

14. Plaintiff is a licensee of YouWorkForThem, Inc., ("YWFT") the owner of the ULTRAMAGNETIC TYPEFONT SOFTWARE (hereinafter, "Font Software" or "Fonts").

15. YouWorkForThem, Inc. is the owner of U.S. Copyright Registration Serial Number TX 9-308-679 (ULTRAMAGNETIC TYPEFONT SOFTWARE), a showing of which is attached hereto as Exhibit A.

16. The ULTRAMAGNETIC FONT SOFTWARE comprises ten (10) individual typeface font computer program namely, ULTRAMAGNETIC BOLD, ULTRAMAGNETIC LIGHT, ULTRAMAGNETIC LIGHT OBLIQUE, ULTRAMAGNETIC REGULAR, ULTRAMAGNETIC BOLD OBLIQUE, ULTRAMAGNETIC EXTRA BOLD, ULTRAMAGNETIC EXTRA BOLD OBLIQUE, ULTRAMAGNETIC BLACK, ULTRAMAGNETIC BLACK OBLIQUE, ULTRAMAGNETIC OBLIQUE, showings of which are annexed hereto as Exhibit B.

17. YWFT'S copyright registration is valid and subsisting since at least as early as September 5, 2023.

18. Upon information and belief, Plaintiff, Font Brothers is an authorized reseller of the ULTRAMAGNETIC Font Software.

19. Upon information and belief, Plaintiff is authorized by YWFT to sell licenses to third parties permitting use the Font Software.

20. Upon information and belief, Plaintiff is authorized by YWFT to enforce its copyright and seek compensatory damages for any unauthorized or infringing uses of the Font Software licensed by Plaintiff on behalf of YWFT.

21. Licenses sold from Plaintiff's Font Brothers website to use the Font Software are sold on a per font basis and/or sold for collections of the ULTRAMAGNETIC Font Software directly by Plaintiff, a showing of which is annexed hereto as Exhibit C

22. Plaintiff controls the use of the Font Software by means of the Font Brothers End User License Agreement ("EULA") which specifically prohibits the uses complained of herein without the purchase of a special license.

23. A copy of the Font Brothers EULA in effect at the time of the license sale to Defendant is attached hereto as Exhibit D.

24. Plaintiff requires a license upgrade for use of its typeface font software in commercial, for-profit usage including, *inter alia*, for large volume commercial uses, such as those uses complained of herein.

## DEFENDANT'S INFRINGEMENTS

25. Plaintiff's records indicate that on September 5, 2024, Defendant purchased basic licenses to use ULTRAMAGNETIC Regular Type Font for online video for up to 10,000 views per month, a showing of Defendant's purchase receipt is annexed hereto as Exhibit E.

26. Plaintiff's records indicate that on September 5, 2024, Defendant purchased basic licenses to use ULTRAMAGNETIC Regular Type Font for installation on not more than 10 desktop computer installations (See, Exhibit E).

27. Plaintiff's records indicate that on September 5, 2024, Defendant purchased basic licenses to use ULTRAMAGNETIC Regular Type Font software for use in online uses (Webfonts) for not more than 10,000 page views per month (See, Exhibit E).

28. At the time of Defendant's basic license purchases, Plaintiff advised Defendant, "Please note that an additional font license upgrade is required if you want to use the font family in any large volume manner such as packaging broadcast uses or marketing campaigns" (See, Exhibit E).

29. Upon information and belief, Defendant's website currently exceeds 300,000 views per month, a showing of which is annexed hereto as Exhibit F.

30. Upon information and belief, many of Defendant's YouTube videos regularly exceed 10,000 views per month (See, Exhibit F).

31. Upon information and belief, Defendant did not purchase any license permitting the use of the Font Software on labeling or packaging for the OLE SMOKY products.

32. Upon information and belief, Plaintiff's records show that Defendant has not purchased the additional and required license upgrade to use the Font Software in the manners complained of herein despite multiple requests from Plaintiff.

33. Upon information and belief, Defendant and/or entities acting at Defendant's direction, has used and/or caused others to use unauthorized copies of the Font Software in the creation of marketing, labeling and packaging for at least sixty five different (65) OLE SMOKY beverage products, showings of which are attached hereto as Exhibit G.

34. Defendant's use of the Font Software in the manners complained of herein represent multiple and ongoing infringements of Plaintiff's rights to its valid copyright in and to the Font Software.

35. The natural, probable, and foreseeable result of Defendant's wrongful conduct has been and continues to be to deprive Plaintiff of the benefits and revenue from the sale of appropriate licenses to use the Font Software in the manners complained of herein.

36. Plaintiff sells and continues to sell licenses authorizing the use of its valuable Font Software.

37. Plaintiff has lost and will continue to lose substantial revenue from Defendant's wrongful use, and copying of the Font Software.

38. Upon information and belief, Defendant has refused to cease and desist from infringing upon YWFT's valuable copyright despite several demands for such action.

## FIRST CAUSE OF ACTION
## COPYRIGHT INFRINGEMENT
## 17 U.S.C. § 101, *et seq*.

39. Plaintiff repeats and realleges each and every allegation set forth above and of the incorporates them herein by this reference.

40. Upon information and belief, Defendant has impermissibly used or caused others to use the Font Software in the creation of marketing, labeling and packaging for the Ole Smoky Beverage products.

41. Upon information and belief, Defendant has impermissibly used or caused others to impermissibly use the Font Software in the creation of graphics used in broadcast and online video to promote the Ole Smoky beverage products.

42. Upon information and belief, Defendant has impermissibly used or caused others to impermissibly use the Font Software in excess of the uses identified in Defendant's original license purchase.

43. Defendant's unauthorized use of the copyrighted Font Software infringes Plaintiff's exclusive rights under 17 U.S.C. §106.

44. Each unauthorized use constitutes an individual and distinct act of infringement.

45. Plaintiff is entitled to recover damages, or statutory damages, it has sustained and will continue to sustain, together with any gains, profits, and advantages obtained by Defendant together with prejudgment interest as a result of the acts of infringement alleged herein.

46. At present, the amount of such damages, gains, profits, and advantages cannot be fully ascertained by Plaintiff but are believed to be not less than $150,000 per infringement

together with prejudgment interest and reasonable costs and fees or statutory damages under copyright law, whichever is greater.

47. At this time, the total value of the damages Plaintiff has suffered cannot be estimated but is believed to be not less than $450,000.

48. Plaintiff has no adequate remedy at law.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests and prays that this Court will:

1. Find that Defendant has willfully infringed Plaintiff's registered copyright;

2. Preliminarily and permanently enjoin and restrain Defendant, its officers, directors, principals, agents, servants, employees, successors, assigns, and all those in active concert or participation with them from:

   a. imitating, copying, posting, distributing, or making unauthorized use of Plaintiff's registered copyrights, including infringing uses of the copyright complained of herein; and

   b. manufacturing, creating, producing, advertising, promoting, or displaying any product or service bearing any simulation, reproduction, counterfeit, copy, derivative version, or colorable imitation of Plaintiff's copyrighted work;

3. Direct that Defendant deliver for destruction at Defendant's expense pursuant to 17 U.S.C. §503:

   a. All media in Defendant's possession bearing Plaintiff's registered copyrights, including, but not limited to, computer files, hard drives, solid state drives, flash drives, disks, CD-ROM's, DVD's, and all other recorded media; and

    b.    All other items, including, but not limited to the packaging of Defendant's beverage goods and other goods and marketing showing the use of Plaintiff's copyrighted work, in Defendant's possession or under its control that were created through the unlawful use of Plaintiff's copyrighted work;

4. Direct the imposition of a constructive trust for all monies or benefits received by Defendant from the sale of services and goods that use or were created using infringing copies and/or unauthorized derivative works based upon Plaintiff's copyrighted works;

5. Direct that Defendant be required to pay Plaintiff's actual damages in the amount of $150,000 per infringement pursuant to 17 U.S.C. §504(b), or statutory damages pursuant to 17 U.S.C. §504(c), whichever is greater, for all gains, profits, and advantages derived by Defendant through its infringement of Plaintiff's copyrights;

6. Direct that Defendant be required to pay to Plaintiff such other damages that Plaintiff has sustained as a consequence of Defendant's unauthorized use of Plaintiff's copyrighted works;

7. Direct that Defendant be ordered to make a written report within a reasonable period of time to be filed with the Court detailing the manner of compliance with the requested injunctive and mandatory relief above;

8. Award Plaintiff the costs of this action together with reasonable attorneys' fees pursuant to 17 U.S.C. §505; and

9. Award Plaintiff such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff Font Brothers, Inc. hereby demands a trial by jury.

Dated: <u>September 4, 2025</u>    Respectfully submitted,
              THE MARTINEZ GROUP PLLC

        By: /s/ Frank J. Martinez
           Frank J. Martinez, Esq.
           *Attorney for Plaintiff*
           *Font Brother, Inc. d/b/a Font Brothers*
           *a/k/a Font Bros*

           THE MARTINEZ GROUP PLLC
           55 Poplar Street, Suite 1-D
           Brooklyn, New York 11201
           718.797.2341 Telephone
           FM@martinezgroup.com